107 F.3d 874
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Henry Lee GRIFFIN, Sr., Defendant-Appellant.
 No. 96-3079.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 5, 1997.[1]
Decided Feb. 14, 1997.
 
 Before FLAUM, MANION and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Henry Lee Griffin, Sr. pleaded guilty to one count of possession of crack cocaine with intent to distribute in violation of 21 U.S.C. § 841(a)(1). He was sentenced to serve a term of 63 months. His sentence was based, in large part, on a district court finding that he was responsible for--as relevant conduct under the sentencing guidelines--5.6 grams of crack. Griffin appeals that finding but can prevail only if we conclude it is clearly erroneous.
 
 
 2
 Mr. Griffin will not be a candidate for any family values awards. No matter which way the evidence is viewed, he and his son, Henry Lee Griffin, Jr., were involved in a drug transaction.
 
 
 3
 On June 27, 1994, a Carbondale, Illinois, police officer, Mark Wilson, was patrolling on a bicycle when he spotted two men in what he believed was a drug transaction. Wilson subsequently testified that he didn't know either of the men but that one was taller and younger. According to Wilson, the older and shorter man passed several baggies of what the officer thought was crack cocaine to the younger fellow. The men then spotted the officer and took off running in different directions. Eventually the two got together and hopped into a car, with pop at the wheel and the son in the back. While driving, the two changed shirts, apparently to confuse the pursuing gendarme. Eventually police stopped the car. A search of the vehicle revealed 5.6 grams of crack. At his sentencing hearing Griffin claimed that the drugs found in the car actually belonged to his son and that he was only responsible for a few grams.
 
 
 4
 If as a matter of law the district judge could not believe Wilson's version of what occurred, Griffin wins. But the district court had every right to credit Wilson's account, and if he is believed, it was proper to pin the drugs found in the car--again, 5.6 grams--on the father, who was the shorter, older man Wilson first observed doing what was obviously--and admittedly--a drug transaction. That being the case, this appeal goes nowhere, and the district court's drug quantity finding as to Mr. Griffin cannot be viewed as clearly erroneous.
 
 
 5
 AFFIRMED.
 
 
 
 [1]
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)